## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIMBERLY AND TODD BURATT** | * | **C. A. NO. 3:17-cv-00100** |
| | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | **JUDGE: BRADY** |
| **RED FROG EVENTS, LLC, PETERSON** | * | |
| **BUILDERS FRAMING CONTRACTORS,** | * | |
| **LLC, FIRST SPECIALTY INSURANCE** | * | |
| **CORPORATION AND AUTO-OWNERS** | * | **MAGISTRATE: WILDER-DOOMES** |
| **INSURANCE COMPANY** | * | |

### AMENDED AND RESTATED COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, Kimberly Buratt and Todd Buratt, who hereby submit this Amended and Restated Complaint for Damages against Red Frog Events, LLC, Peterson Builders Framing Contractors, LLC, First Specialty Insurance Corporation and Auto-Owners Insurance Company. This Amended and Restated Complaint for Damages is filed prior to any responsive pleadings being filed by either of the original defendants herein,[1] such that leave of court is not required pursuant to FRCP Rule 15(a). This Amended and Restated Complaint for Damages is submitted pursuant to the Court's March 15, 2017 Order (R. Doc. 5) entered on March 15, 2017.

---

[1] Plaintiffs originally filed their Petition for Damages against Red Frog Events, LLC and Nationwide Mutual Insurance Company in the 20th Judicial District Court for the Parish of West Feliciana. On or about February 22, 2017, Red Frog Events, LLC filed a Notice of Removal, thereby removing the proceeding to this Court. This Amended and Restated Complaint amends the original Petition for Damages.

{N1299020 -}

**Parties**

1.

Kimberly Buratt is a person of the full age of majority, domiciled and residing in Ascension Parish, Louisiana, and is the wife of Todd Buratt.

2.

Todd Buratt is a person of the full age of majority, domiciled and residing in Ascension Parish, Louisiana, and is the husband of Kimberly Buratt.

3.

Made defendants herein are:

A. Red Frog Events, LLC ("Red Frog Events"), upon information and belief, an Illinois company with its principal office in Chicago, Illinois, which is not qualified to do business in the State of Louisiana but doing business in Louisiana and therefore subject to this Court's personal jurisdiction. Upon information and belief, the sole member and manager of Red Frog Events is Joseph Reynolds, who is a citizen of the state of Illinois.

B. Peterson Builders Framing Contractors, LLC ("Peterson"), upon information and belief, a North Carolina company with its principal office in Cornelius, North Carolina, which is not qualified to do business in the State of Louisiana but doing business in Louisiana and therefore subject to this Court's personal jurisdiction. Upon information and belief, the sole member and manager of Peterson is Christopher E. Peterson, who is a citizen of the state of North Carolina.

C. First Specialty Insurance Corporation ("First Specialty"), upon information and belief a foreign insurance corporation incorporated in Missouri with its principal place of business in Overland Park, Kansas and registered with the Louisiana Commission of Insurance

and doing business in the State of Louisiana.  Upon information and belief, at all material times hereto First Specialty provided insurance coverage to Red Frog Events which would provide coverage for the claims asserted by Plaintiffs herein.

D. Auto-Owners Insurance Company ("Auto-Owners"), upon information and belief a foreign insurance corporation incorporated in Michigan with its principal place of business in Lansing, Michigan, not registered with the Louisiana Commission of Insurance but doing business in the State of Louisiana.  Upon information and belief, at all material times hereto Auto-Owners provided insurance coverage to Peterson which would provide coverage for the claims asserted by Plaintiffs herein.

## Jurisdiction and Venue

4.

This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. 1332, because Plaintiffs are both citizens of Louisiana and the citizenship of all of the defendants is outside of Louisiana, with the citizenship of Red Frog Events and Peterson determined by the citizenship of their respective members.  Further, the amount in controversy as to each plaintiff exceeds $75,000.00.

5.

Venue is proper in this judicial district pursuant to 28 U.S.C. 1391 because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred within this judicial district.

**Factual Background**

6.

On Saturday, October 8, 2016, Red Frog Events hosted the "Warrior Dash," a race requiring participants to traverse twelve obstacles, at the West Feliciana Sports Park in St. Francisville, Louisiana.

7.

Upon information and belief, Red Frog Events was responsible for promoting, planning, and permitting the Warrior Dash event, as well as maintaining, constructing and overseeing all of the obstacles for the Warrior Dash.

8.

Upon information and belief, participants in the Warrior Dash were organized into different "waves," with each wave entering the course at a different time throughout the day. Thus, the obstacles on the course were subjected to use by participants throughout the entire day.

9.

As the host of the Warrior Dash event, Red Frog Events had a duty to ensure that its obstacles were not unreasonably dangerous in their design or construction and to provide adequate supervision of the participants in the event.

10.

Red Frog Events had a duty to maintain all obstacles throughout the duration of the Warrior Dash event and to warn participants of any dangerous condition that existed or developed during the course of the event.

11.

One of the obstacles in the Warrior Dash was the "Diesel Dome," a thirty (30) foot by fifty (50) foot wooden structure involving a lattice of vertically- and horizontally-oriented beams spaced several feet apart, over which race participants were to climb.

12.

Upon information and belief, Red Frog contracted with Peterson to construct the Diesel Dome obstacle. As set forth below, Peterson failed to properly construct the Diesel Dome obstacle, which failure led to Plaintiffs' damages.

13.

Upon information and belief, Red Frog Events and/or Peterson became aware of defects and deficiencies in the structure of the Diesel Dome shortly following the commencement of the Warrior Dash.

14.

Upon information and belief, Red Frog Events and/or Peterson attempted to undertake remedial repairs to the Diesel Dome during the morning of the Warrior Dash. Event participants observed workers hammering on the structure between 10:00 and 10:30 AM as participants continued to climb on the obstacle without warning or instructions to bypass that obstacle.

15.

Despite its knowledge of defects and deficiencies in the Diesel Dome, Red Frog Events and/or Peterson failed to adequately test the obstacle or otherwise determine whether any repairs undertaken to the structure were sufficient to remedy the defects.

16.

Red Frog Events further failed to monitor the Diesel Dome following the attempted repairs as participants continued to traverse the obstacle throughout the day.

17.

Red Frog Events also failed to warn participants of the danger involved in mounting the apparently defective Diesel Dome and failed to prevent or discourage race participants from climbing on the structure.

18.

The attempts Red Frog Events and/or Peterson made to remediate the dangerous condition of the Diesel Dome during the morning of the Warrior Dash were unsuccessful. At approximately 1:40 PM, the Diesel Dome collapsed while event participants were continuing to scale the structure.

19.

Mrs. Buratt was a participant in the October 8, 2016 Warrior Dash. Mrs. Buratt was scheduled to be part of the wave which commenced the race at 1:30 PM but was allowed to start with an earlier wave at approximately 1:15 PM. At no time during her participation in the event was she warned about any dangerous condition concerning the Diesel Dome obstacle.

20.

In the course of her participation in the Warrior Dash, Mrs. Buratt was climbing over the Diesel Dome in the manner in which Red Frog Events and Peterson intended her to when the structure collapsed, causing injury to Mrs. Buratt.

16.

Red Frog Events further failed to monitor the Diesel Dome following the attempted repairs as participants continued to traverse the obstacle throughout the day.

17.

Red Frog Events also failed to warn participants of the danger involved in mounting the apparently defective Diesel Dome and failed to prevent or discourage race participants from climbing on the structure.

18.

The attempts Red Frog Events and/or Peterson made to remediate the dangerous condition of the Diesel Dome during the morning of the Warrior Dash were unsuccessful. At approximately 1:40 PM, the Diesel Dome collapsed while event participants were continuing to scale the structure.

19.

Mrs. Buratt was a participant in the October 8, 2016 Warrior Dash. Mrs. Buratt was scheduled to be part of the wave which commenced the race at 1:30 PM but was allowed to start with an earlier wave at approximately 1:15 PM. At no time during her participation in the event was she warned about any dangerous condition concerning the Diesel Dome obstacle.

20.

In the course of her participation in the Warrior Dash, Mrs. Buratt was climbing over the Diesel Dome in the manner in which Red Frog Events and Peterson intended her to when the structure collapsed, causing injury to Mrs. Buratt.

21.

Upon information and belief, the Diesel Dome was unreasonably dangerous in design and/or negligently and improperly constructed by Peterson.

22.

Upon information and belief, Red Frog Events and Peterson were negligent and/or grossly negligent in furnishing a structure for event participants to climb that was unreasonably dangerous in its design and/or construction.

23.

Upon information and belief, Red Frog Events was also negligent and/or grossly negligent in its failure to station any personnel at the Diesel Dome to supervise race participants or to alert participants to problems with the structure, even after having become aware of the obstacle's dangerous condition. As a result of the neglect and fault of Red Frog Events, no staff was present to (a) warn participants of the apparent defectiveness of the Diesel Dome obstacle, (b) assist injured participants or (c) summon medical professionals when the structure collapsed.

24.

Upon information and belief, the negligence and/or gross negligence of Red Frog Events in failing to position any staff at the site of the Diesel Dome delayed Mrs. Buratt from receiving prompt medical attention to address her injuries.

25.

Upon information and belief, Red Frog Events was also negligent and/or grossly negligent in failing to provide any protective or impact-attenuating surface at the base of the Diesel Dome that might have mitigated the injuries sustained by Mrs. Buratt when the structure's collapse caused her to plunge to the ground.

26.

The legal fault of Red Frog Events and Peterson as described herein was the proximate cause of the injuries sustained by Mrs. Buratt, which were sufficiently serious that she had to be transported by ambulance to a hospital in Baton Rouge, Louisiana for emergency medical treatment.

### COUNT I: NEGLIGENCE RESULTING IN
### PERSONAL INJURY TO KIMBERLY BURATT

27.

Mrs. and Mr. Buratt adopt, reallege and incorporate the preceding allegations of this Amended and Restated Complaint for Damages as if copied herein *in extenso*.

28.

Red Frog Events breached its duty to Mrs. Buratt, a participant in the event it hosted, by:

a. Negligently installing an unreasonably dangerous obstacle that collapsed while Mrs. Buratt was in the course of traversing it in the manner in which Red Frog Events intended;

b. Negligently failing to place staff at the site of the obstacle to supervise and assist participants;

c. Negligently failing to warn event participants of the dangerous condition the Diesel Dome presented;

d. Negligently allowing participants to continue to climb on the Diesel Dome despite its knowledge that the obstacle was defective and therefore created a dangerous condition;

e. Negligently failing to take measures to assess or monitor the structure following the attempted repairs;

    f. Negligently failing to provide an impact-attenuating surface that would have mitigated the injuries Mrs. Buratt sustained as a result of the structure's collapse; and

    g. Other particular acts of negligence which will be further proven at the trial of this matter.

29.

Peterson breached its duty to Mrs. Buratt by negligently constructing the Diesel Dome obstacle, thereby providing an unreasonably dangerous obstacle that collapsed while Mrs. Buratt was in the course of traversing it in the manner in which Red Frog Events and Peterson intended.

30.

As a result of the negligence of Red Frog Events and Peterson, Mrs. Buratt suffered injuries including a fractured tailbone, a fractured fourth lumbar vertebra and resulting extreme pain in her lower back and rib areas. She had to be transported by ambulance to the hospital and has required multiple medical tests, including imaging studies, and a variety of prescription medications. Mrs. Buratt required, and continues to require, physical therapy two to three times per week following her injury.

31.

As a result of the injuries Mrs. Buratt sustained due to the negligence of Red Frog Events and Peterson, she remains restricted from sitting or standing for extended periods of time and from lifting items weighing more than five pounds. She was physically dependent on others following her injury and was unable return to work prior to October 17, at which time she returned to work but with restrictions. She continues to experience significant pain when sitting for extended periods of time.

32.

As a result of the injuries Mrs. Buratt sustained due to the negligence of Red Frog Events and Peterson, her quality of life has suffered. Among other things, she cannot perform her typical daily activities, exercise, or participate in the maintenance of her household to the extent she did prior to her injury.

33.

As a result of the injuries Mrs. Buratt sustained due to the negligence of Red Frog Events and Peterson, she has incurred medical and related expenses for which she is entitled to reimbursement.

34.

Red Frog Events and Peterson are liable jointly, severally, and *in solido* to Mrs. Buratt for all damages she has suffered as a result of their negligence, in the form of:

a. Pain and suffering;

b. Past and future medical, rehabilitation, and pharmacy expenses, including any applicable interest;

c. Lost wages, including any applicable interest;

d. Loss of earning capacity;

e. Loss of enjoyment of life;

f. Other particulars which will be further proven at the trial of this matter.

### **COUNT II: GROSS NEGLIGENCE RESULTING IN PERSONAL INJURY TO KIMBERLY BURATT**

35.

Mrs. and Mr. Buratt adopt, reallege and incorporate the preceding allegations of this Amended and Restated Complaint for Damages as if copied herein *in extenso*.

36.

The acts complained of herein also constitute gross negligence and/or a wanton and willful recklessness on the part of Red Frog Events and Peterson.

## **COUNT III: LOSS OF CONSORTIUM ON BEHALF OF TODD BURATT**

37.

Mrs. and Mr. Buratt adopt, reallege and incorporate the preceding allegations of this Amended and Restated Complaint for Damages as if copied herein *in extenso*.

38.

Under Louisiana Civil Code Article 2315(B), damages for loss of consortium are "recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person." The first such category includes the injured person's spouse. La. Civ. Code art. 2315.2. Mr. Buratt is the spouse of Mrs. Buratt and is therefore entitled to recover damages for loss of consortium resulting from her injuries under the aforementioned Civil Code articles.

39.

Mr. Buratt has experienced a loss of consortium, service, and society of his wife as a result of the serious injuries Mrs. Buratt sustained due to the legal fault of Red Frog Events and Peterson, which prevent her from participating in the matrimonial relationship or contributing to the matrimonial household as she did prior to her injury. Among other things, Mr. Buratt had to assist in the care of his wife following her injury and perform many of the household functions she customarily performs.

40.

Red Frog Events and Peterson are liable to Mr. Buratt for the loss of consortium, service, and society of his wife he suffered as a result of their legal fault.

### **COUNT IV: LIABILITY OF FIRST SPECIALTY AS INSURER**

41.

Mrs. and Mr. Buratt adopt, reallege and incorporate the preceding allegations of this Amended and Restated Complaint for Damages as if copied herein *in extenso*.

42.

Upon information and belief, and at all times material hereto, First Specialty provided a policy of liability insurance to Red Frog Events, which policy provides coverage for the claims and damages sued upon herein.

43.

Thus, First Specialty, as the insurer for Red Frog Events, is liable to Mrs. and Mr. Buratt, jointly, severally, and *in solido* with Red Frog Events, pursuant to the Louisiana Direct Action Statute, as set forth in La. R.S. § 22:1269(B)(1).

### **COUNT V: LIABILITY OF AUTO-OWNERS AS INSURER**

44.

Mrs. and Mr. Buratt adopt, reallege and incorporate the preceding allegations of this Amended and Restated Complaint for Damages as if copied herein *in extenso*.

45.

Upon information and belief, and at all times material hereto, Auto-Owners provided a policy of liability insurance to Peterson, which policy provides coverage for the claims and damages sued upon herein.

46.

Thus, Auto-Owners, as the insurer for Peterson, is liable to Mrs. and Mr. Buratt, jointly, severally, and *in solido* with Peterson, pursuant to the Louisiana Direct Action Statute, as set forth in La. R.S. § 22:1269(B)(1).

## JURY DEMAND

47.

Plaintiffs pray for trial by jury as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Kimberly and Todd Buratt, pray that:

1. After due proceedings, there be judgment rendered in favor of Kimberly and Todd Buratt and against the defendants herein, jointly, severally and *in solido*, in amounts as are reasonable under the premises, as well as penalties and attorneys' fees to the extent applicable, together with legal interest thereon from the date of judicial demand, until paid, and for all costs of these proceedings; and

2. Kimberly and Todd Buratt be granted all other legal and equitable relief to which they may be entitled.

Respectfully submitted,

*/s/ Robert J. Burvant*
**ROBERT J. BURVANT (#14119)**
**TIMOTHY S. MADDEN (#21733)**
**DIANA J. MASTERS (LA #37372)**
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, LA  70170
Telephone:  (504) 582-3800
Facsimile:  (504) 582-1233
rburvant@kingkrebs.com
tmadden@kingkrebs.com
dmasters@kingkrebs.com

*Counsel for Plaintiffs, Kimberly and Todd Buratt*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has electronically filed the foregoing Amended and Restated Complaint for Damages with the Clerk of Court by using the CM/ECF system on this 23rd day of March, 2017, which will send a copy of the foregoing to all counsel of record by notice of electronic filing.

*/s/ Robert J. Burvant*

{N1299020 -}