UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KIMBERLY AND TODD BURATT | CIVIL ACTION |
| VERSUS | |
| RED FROG EVENTS, LLC, PETERSON BUILDERS FRAMING CONTRACTORS, LLC, FIRST SPECIALTY INSURANCE CORPORATION AND AUTO-OWNERS INSURANCE COMPANY | NO. 17-00100-JJB-EWD |

### RULING

This matter is before the Court on *Third Party Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)* filed by Third Party Defendant North South Renovations, Inc. ("NSR").[1] Third Party Plaintiff Peterson Builders Framing Contractors, LLC ("Peterson") has filed an *Opposition*[2] to which NSR filed a *Reply*.[3] Oral argument is not necessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332.[4] For the following reasons, NSR's *Motion* is **DENIED**.

I. BACKGROUND

This lawsuit arises out of injuries allegedly sustained during a Warrior Dash event in St. Francisville, Louisiana. On November 4, 2016, Plaintiffs Kimberly and Todd Buratt ("The Buratts" or "Plaintiffs") filed a *Petition* in the 20th Judicial District Court for the Parish of West Feliciana asserting state law claims of negligence, gross negligence, and loss of consortium against Red Frog Events, LLC ("Red Frog") and Nationwide Mutual Insurance

---

[1] Doc. 31.
[2] Doc. 35.
[3] Doc. 36.
[4] Federal jurisdiction exists here owing to the parties' diversity. *See* 28 U.S.C. § 1332. And, "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008).

1

Company.[5] Red Frog subsequently removed the action to the federal court for the Middle District of Louisiana.[6]

On March 23, 2017, Plaintiffs submitted an *Amended and Restated Complaint for Damages* in which the following parties were named as defendants: Red Frog, Peterson, First Specialty Insurance Corporation, and Auto-Owners Insurance Company.[7] Peterson then filed its *Answer and Affirmative Defenses to Plaintiffs' Amended and Restated Complaint for Damages, Cross-Claim and Third Party Demand* ("Answer and Third Party Demand").[8] Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, Peterson asserted a third party demand for indemnity against North South Renovations, LLC ("NSR").[9] NSR now seeks dismissal of Peterson's claim on Rule 12(b)(6) grounds.[10]

## II. LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[11] The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[12] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[13] In *Bell Atlantic Corp. v. Twombly*, the

---

[5] *Kimberly and Todd Buratt versus Red Frog Events, LLC and Nationwide Mutual Insurance Company*, Docket No. 22800, Division A, 20th Judicial District Court, Parish of West Feliciana, State of Louisiana.
[6] Doc. 1.
[7] Doc. 9-1.
[8] Doc. 21.
[9] Doc. 21, pp. 13-16, nos. 1-16.
[10] Doc. 31, p. 1.
[11] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[12] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[13] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.[14] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[15] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[16] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[18] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[19] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[20]

### III. DISCUSSION

In its *Third Party Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)* ("*Motion*"), NSR seeks dismissal of the demand for indemnification made by Peterson arguing that "Peterson has failed to state a cause of action against NSR as no contractual indemnity existed between the two parties pursuant to Louisiana law."[21] In its *Opposition*,

---

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (hereinafter *Twombly*).
[15] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)(hereinafter "*Iqbal*")(quoting *Twombly*, 550 U.S. at 557).
[17] *Id.* (citing *Twombly*, 550 U.S. at 556).
[18] *Id.*
[19] *Taha v. William Marsh Rice Univ.*, No. H-11-2060, 2012 WL 1576099 at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[20] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[21] Doc. 31-1, p. 3.

3

Peterson contends that NSR is liable to it under the theory of implied indemnity—an established cause of action under Louisiana law.[22] In its *Reply*, NSR disputes its liability under the theory of implied indemnity. NSR further claims that Peterson cannot succeed on its implied indemnity claim because the Plaintiffs in the main demand have alleged that Peterson bears fault for possessing actual knowledge of a defect, and "implied indemnity can only be claimed by a party completely free from fault."[23]

Under Louisiana law, there are two types of indemnity—contractual and implied.[24] According to the Louisiana Supreme Court:

> Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement.[25]

"The Supreme Court of Louisiana has further explained that, [i]t has long been held in Louisiana that a party not actually at fault, whose liability results from the faults of others, may recover by way of indemnity from such others."[26] In analyzing a motion to dismiss a third party demand for indemnity, a court in this district (the Middle District of Louisiana) recently explained:

> [T]he right to indemnity from the person primarily negligent exists only in favor of one who is vicariously liable for the damages caused because of merely technical or constructive fault. A party who is actually negligent or actually at fault cannot recover [legal] indemnity. Accordingly, a third-party

---

[22] Doc. 35, pp. 4-6.
[23] Doc. 36, pp. 2-3.
[24] *J.A.H. Enterprises, Inc. v. BLH Equip., LLC*, 2017 WL 54245, *5 (M.D. La. Jan. 4, 2017).
[25] *Nassif v. Sunrise Homes, Inc.*, 739 So.2d 183, 185 (La. 1999) (internal citations omitted)
[26] *Keyes v. Dean Morris, LLP*, 2014 WL 2515401, *4 (M.D. La. June 4, 2014) (citing *Bewley Furniture Co., Inc. v. Maryland Cas. Co.*, 285 So.2d 216, 219 (La. 1973) (internal quotations omitted)).

4

claim for indemnity should be dismissed if there is no foreseeable combination of findings, viewing the allegations of the pleadings . . . in the light most favorable to the [party seeking indemnity], that could result in [that party] being cast in judgment for mere technical or passive fault.[27]

In its *Answer and Third Party Demand*, Peterson denies its liability stating that "Plaintiffs suffered the alleged injuries and/or losses as a result of the negligence of a party, individual, or entity other than [Peterson]."[28] Peterson claims that in April 2016, it entered into a contract with Red Frog "to provide construction, oversight maintenance and removal services of obstacles" at several Warrior Dash races across the country.[29] Peterson further contends that the agreements were actually negotiated and performed by NSR pursuant to a long-standing agreement between Peterson and NSR.[30] According to Peterson, its role was "limited to executing the contract and providing the funds to NSR, and at no time did Peterson perform or supervise any of the work under [] the contract, including but not limited to constructing the Diesel Dome."[31] Peterson asserts that "NSR, or another company who contracted with NSR, performed all construction, oversight, maintenance, and removal services pursuant to the Agreement."[32] Peterson claims that NSR is responsible to the extent that Plaintiffs' alleged damages were caused by negligent construction and consequently "NSR is liable to Peterson for all or part of the demand asserted by Plaintiffs against Peterson" in the main demand.[33]

Based on the foregoing, the Court finds that Peterson has sufficiently plead a third party demand against NSR. Peterson has denied any wrongdoing in this case and has

---

[27] *J.A.H. Enterprises, Inc.*, 2017 WL 54245 at *5 (internal citations omitted).
[28] Doc. 21, p. 8, no. 1.
[29] *Id.* at p. 14, no. 6.
[30] *Id.* at p. 14, no. 8.
[31] *Id.* at p. 14, no. 9.
[32] *Id.* at p. 15, no. 10.
[33] *Id.* at p. 15, nos. 13-14.

alleged that any liability it may have is only technical and a result of the negligent construction and servicing performed by NSR on the Diesel Dome.[34] At this stage of litigation, we are only concerned with whether Peterson has alleged sufficient facts to state a plausible third party claim for indemnity.[35] The Court finds that it has. Whether Peterson is actually liable to Plaintiffs, so as to preclude success on its indemnity claim against NSR, requires factual findings that cannot be made at the Rule 12(b)(6) stage.[36]

## IV. CONCLUSION

For the foregoing reasons, North South Renovations, Inc.'s *Third Party Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)* is hereby **DENIED**.[37]

Signed in Baton Rouge, Louisiana, on November 6th, 2017.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[34] *See Martco Ltd. P'ship v. Bruks Inc.*, 430 Fed. Appx. 332, 337-338 (5th Cir. 2011) ("Bruks has denied any wrongdoing in this case and has alleged that any liability that it may have is only technical and a result of the faulty and untimely specification, designs and other information provided by Mid-South upon which Bruks wholly relied in manufacturing he allegedly defective equipment for Martco. Bruks's allegations state a plausible basis for indemnity sufficient to defeat dismissal under Rule 12(b)(6)").
[35] *Id.* at 338; *accord Cedar Ridge, LLC v. Landmark American Ins. Co.*, 2013 WL 4854388, *5-7 (E.D. La. Sept. 10, 2013).
[36] *Id.*
[37] Doc. 31.